# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1915

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Jose Carranza-Macias, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2004
Filed: November 23, 2004

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury convicted Jose Carranza-Macias of conspiracy to distribute methamphetamine, of possession of a firearm in furtherance of the conspiracy, and of being a felon in possession of a firearm. Carranza-Macias appeals his convictions challenging the sufficiency of the evidence. We affirm.

After an undercover officer bought methamphetamine from David Blackford, Blackford was arrested and began cooperating with the police. Blackford called David Rojas-Perez, Carranza-Macias's roommate, to arrange for the delivery of methamphetamine. Rojas-Perez was arrested after providing the drugs. Police

obtained a warrant to search the residence shared by Rojas-Perez and Carranza-Macias in Des Moines, Iowa.  The officers found Carranza-Macias near a sofa in the basement.  After he was given Miranda warnings, Carranza-Macias stated he and his roommate rented the residence, there was a loaded pistol under the sofa and a loaded shotgun behind it, and he had bought the weapons for security purposes.  He also admitted he would travel to California from Des Moines in the car in his garage, he had accompanied his roommate on a delivery of "half boot" size of methamphetamine, and there was a half-pound or pound of methamphetamine in the house and a scale.  Searching officers found weapons, plastic baggies, buy money from undercover transactions, a scale, and over two and a half pounds of methamphetamine in the house.  Officers also discovered checkbooks showing Carranza-Macias and his roommate had bank accounts in Long Beach, California.

Viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in the verdict's favor, we conclude a reasonable jury could have found Carranza-Macias guilty beyond a reasonable doubt.  To convict Carranza-Macias of conspiracy, the Government had to prove he knew of, and knowingly participated in, an agreement between two or more people to accomplish an illegal purpose.  United States v. Cuervo, 354 F.3d 969, 985 (8th Cir. 2004). A tacit understanding between two people is enough to establish a conspiracy. Id. Despite Carranza-Macias's assertion that he was merely a bystander and not part of the conspiracy, the jury reasonably found otherwise. As the district court[*] noted in denying Carranza-Macias's motion for acquittal or a new trial, Carranza-Macias admitted that he owned the guns, that he knew his roommate sold drugs, and that he had accompanied his roommate on one delivery.  In addition, Carranza-Macias's fingerprints were found on a scale and on a baggie containing drugs.  Further, the bolts in the backseat of Carranza-Macias's car had been scarred, indicating the seat

---

[*]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

had been frequently removed, and a drug dog indicated that drugs may have been stored in the car's rear area. Blackford testified he knew Rojas-Perez had a partner, but did not know his name, Rojas-Perez told him he got his drugs from California, and Rojas-Perez said he and his partner took turns traveling to California to get more drugs. From all the evidence, the jury could reasonably infer Carranza-Macias was Rojas-Perez's partner in the drug conspiracy.

As for possession of a firearm in furtherance of a conspiracy, the jury had to find Carranza-Macias possessed the firearm and used the firearm in furtherance of the conspiracy. Id. at 990. Carranza-Macias contends that because he was not in the conspiracy, he could not possess a firearm in its furtherance. Because the jury could reasonably find Carranza-Macias guilty of the conspiracy charge, we reject Carranza-Macias's contention. Carranza-Macias does not assert he did not possess the firearm, and admitted he had bought the weapons for security purposes. The evidence showed Carranza-Macias and Rojas-Perez needed security to protect their drug distribution. Carranza-Macias does not challenge his conviction for being a felon in possession of a firearm.

We thus affirm Carranza-Macias's convictions.

_____